**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| LYNDA SEATON and | ) | |
| WES SEATON | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2:17-CV-04100-NKL |
| | ) | |
| vs. | ) | |
| | ) | |
| MODINE MANUFACTURING COMPANY, | ) | |
| UTC AEROSPACE SYSTEMS, INC., and | ) | |
| JOHN BLATCHFORD | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT HAMILTON SUNDSTRAND CORPORATION'S AND/OR UTC AEROSPACE SYSTEMS, INC.'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' PETITION FOR DAMAGES

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................1

LEGAL STANDARDS ..................................................................................................2

ARGUMENT ...................................................................................................................3

I.    Counts I, II, and III Must be Dismissed Because the Missouri Workers'
      Compensation Law is the Exclusive Remedy. ................................................3

      A.    The Current Version of the Missouri Workers' Compensation Law
            Applies to Bar Plaintiffs' Count II.......................................................4

      B.    The Workers' Compensation Law Also Bars Plaintiffs' Counts I
            and III. ....................................................................................................7

II.   In the Alternative Counts I & III Should Also be Dismissed Because the
      Court Lacks Subject Matter Jurisdiction. ......................................................9

III.  Count IV Must be Dismissed For Failure to State a Claim ...........................10

      CONCLUSION..................................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*32nd St. Surgery Ctr., LLC v. Right Choice Managed Care*,
No. 12-05134-CV-SW-GAF, 2013 WL 12202938 (W.D. Mo. July 24, 2013)........................2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................10

*Channel v. Cintas Corp. No. 2*,
514 S.W.3d 121 (Mo. Ct. App. 2017) ................................................................9

*Finney v. Nat'l Healthcare Corp.*,
193 S.W.3d 393 (Mo. Ct. App. 2006) ................................................................5

*State ex rel. Ford Motor Co. v. Nixon*,
219 S.W.3d 846 (Mo. Ct. App. 2007) ............................................................4, 9

*Goerlitz v. City of Maryville*,
333 S.W.3d 450 (Mo. 2011) ............................................................................11

*Kelly v. Dekalb Energy Co.*,
865 S.W.2d 670 (Mo. banc 1993) ......................................................................3

*State ex rel. Larkin v. Oxenhandler*,
159 S.W.3d 417 (Mo. Ct. App. 2005) ............................................................3, 4

*Lawrence v. Beverly Manor*,
273 S.W.3d 525 (Mo. 2007) ............................................................................4, 5

*Lear v. Equitable Life Assur. Soc. of U.S.*,
798 F.2d 1128 (8th Cir. 1986) ..........................................................................2

*Redford v. R.A.F. Corp.*,
615 F. Supp. 547 (W.D. Mo. 1985).....................................................................2

*Rosenfeld v. Thoele*,
28 S.W.3d 446 (Mo. Ct. App. 2000) ..................................................................11

*Sullivan v. Carlisle*,
851 S.W.2d 510 (Mo. banc 1993) ....................................................................4, 5

*State ex rel. Taylor v. Wallace*,
73 S.W.3d 620 (Mo. banc 2002) ........................................................................3

ii

*State ex rel. Tri-County Elect. Co-op Ass'n v. Dial*,
    192 S.W.3d 708 (Mo. banc 2006) ........................................................................3

*Wong v. Minn. Dep't of Human Servs.*,
    820 F.3d 922 (8th Cir. 2016) ...........................................................................2

*Woody v. Sterling Aluminum Products, Inc.*,
    243 F. Supp. 755 (E.D. Mo. 1965) ............................................................ 10, 11

**Statutes**

28 U.S.C. § 1332 .................................................................................................2

Mo. Ann. Stat. § 287.010 *et seq.* .........................................................................2

Mo. Ann. Stat. § 287.120 .............................................................................. 3, 5, 6

Mo. Ann. Stat. § 537.080 *et seq.* .........................................................................4

Mo. Rev. Stat. § 287.120.1 ..................................................................................8

Mo. Rev. Stat. § 537.080.2 ..................................................................................7

**Other Authorities**

Fed. R. Civ. P. 8(a).......................................................................................2, 10

Fed. R. Civ. P. 12(b)(6) ............................................................................ 1, 2, 12

CORE/3004057.0003/133290313.17

Defendant Hamilton Sundstrand Corporation ("Hamilton Sundstrand"), incorrectly named as "UTC Aerospace Systems, Inc.,"[1] and joined by Defendant UTC Aerospace Systems, Inc., a non-legal entity, respectfully submit these Suggestions in Support of its Motion to Dismiss the claims asserted by Plaintiffs Lynda and Wes Seaton (collectively "Plaintiffs"). This case involves wrongful death claims brought by survivors of decedent Gary Seaton against the decedent's former employers and a claim for property damage. As detailed below, the claims in Counts I, II, and III are controlled and barred by the Missouri Workers' Compensation Law, and therefore fail to provide a basis upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Lynda Seaton's claim for property damage in Count IV fails to satisfy even the most basic pleading standards by requiring Hamilton Sundstrand to speculate as to specific cause and nature of the claim and it too must be dismissed for failure to state claim upon which relief can be granted.

## INTRODUCTION

Plaintiffs are the son and wife of Gary Seaton. (Pet. at ¶ 11.) Mr. Seaton was employed at an industrial plant in Camdenton, Missouri ("the Plant") from 1969 to 2012. (Pet. at ¶ 17.) Plaintiffs allege that during the course of Mr. Seaton's employment at the Plant he was exposed to trichloroethylene ("TCE") and other compounds that resulted in his illness and death. (Pet. at ¶¶ 5, 18.) Plaintiffs explicitly allege that Mr. Seaton used TCE and other compounds "pursuant

---

[1] "UTC Aerospace Systems, Inc." was incorrectly named in the Petition and case caption. There is no legal entity named "UTC Aerospace Systems, Inc." As reflected in Exhibit D attached to the Notice of Removal, UTC Aerospace Systems is a trade and marketing name under which certain United Technologies Corporation aerospace companies, such as Hamilton Sundstrand, operate. Hamilton Sundstrand, the successor-in-interest to Sundstrand Corporation and/or Sundstrand Tubular Products, is a UTC Aerospace Systems company. Accordingly, Plaintiffs' attempt to serve "UTC Aerospace Systems, Inc." with the Petition and Summons on May 10, 2017, is deficient. Nevertheless, Hamilton Sundstrand, as successor-in-interest to Sundstrand Corporation and/or Sundstrand Tubular Products, as the operators and/or owners of the plant in question from 1972 until 1990, will serve as the responding defendant for purposes of this Motion.

Case 2:17-cv-04100-NKL   Document 12   Filed 06/14/17   Page 5 of 17

to his employment" at the plant. (Pet. at ¶ 18.) Mr. Seaton was diagnosed with cancer in 2013. (Pet. at ¶ 33.) He died on August 8, 2016. (Pet. at ¶ 34.)

## LEGAL STANDARDS

Jurisdiction in this case is based on diversity jurisdiction under 28 U.S.C. § 1332, as further described in the Notice of Removal (Doc. # 1). "It is well-settled that a federal court exercising jurisdiction solely on the basis of diversity of citizenship must apply the substantive law of the forum in which it sits." *Redford v. R.A.F. Corp.*, 615 F. Supp. 547, 549 (W.D. Mo. 1985); *see also Lear v. Equitable Life Assur. Soc. of U.S.*, 798 F.2d 1128, 1131 n.5 (8th Cir. 1986).

A petition "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face." *Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 927 (8th Cir. 2016). "[C]ourts are 'not bound to accept as true a legal conclusion couched as a factual allegation' and such 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not do.'" *32nd St. Surgery Ctr., LLC v. Right Choice Managed Care*, No. 12-05134-CV-SW-GAF, 2013 WL 12202938, at *5 (W.D. Mo. July 24, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). "[D]ismissal under Rule 12(b)(6) is appropriate when 'the allegations show on the face of the complaint there is some insuperable bar to relief.'" *Id.* (quoting *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted)).

**ARGUMENT**

## I.     Counts I, II, and III Must be Dismissed Because the Missouri Workers' Compensation Law is the Exclusive Remedy.

The Missouri Workers' Compensation Law, Mo. Ann. Stat. § 287.010 *et seq.*, creates a compensatory system whereby employees may be made whole for harms suffered due to their employment "irrespective of negligence." Mo. Ann. Stat. § 287.120.  In exchange for imposing strict liability on Missouri employers, those employers are immunized from personal injury or wrongful death claims that an employee might otherwise bring. *See State ex rel. Larkin v. Oxenhandler*, 159 S.W.3d 417, 421 (Mo. Ct. App. 2005) ("The substitution of the Workers' Compensation Law for traditional tort remedies reflects a historical compromise recognizing the benefits of providing a means to effectively resolve claims for workers' injuries without resorting to the unpredictability of litigation."); *see also State ex rel. Tri-County Elect. Co-op Ass'n v. Dial*, 192 S.W.3d 708, 710 (Mo. banc 2006) ("The Workers' Compensation Law is wholly substitutional in character and . . . any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable.") (quoting *Killian v. J.J. Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991)).

In short, the Workers' Compensation Law provides the exclusive remedy to an employee and bars all other remedies available at common law. Section 287.120 (hereinafter the "exclusivity clause" of the Workers' Compensation Law) explicitly states that the employer "shall be released from all other liability whatsoever, whether to the employee or any other person." *See also State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621-22 (Mo. banc 2002) ("The Workers' Compensation Law provides the exclusive remedy against employers for injuries covered by its provisions."); *Kelly v. Dekalb Energy Co.*, 865 S.W.2d 670, 672 (Mo. banc 1993)

Case 2:17-cv-04100-NKL   Document 12   Filed 06/14/17   Page 7 of 17

(holding that "[t]he employer has a nondelegable duty to provide a reasonably safe place to work. Suits for breach of this duty are excluded by the workers' compensation law.").

Thus, dismissal is warranted where, as in this case, a plaintiff's suit against an employer for personal injury or wrongful death is based on allegations that the harm stemmed from the employment. *Oxenhandler*, 159 S.W.3d at 421. The burden is on the movant to show that the Workers' Compensation Law applies as an affirmative defense to a plaintiff's claims, but "the quantum of proof required is not high." *Id.* In fact, if "there is doubt" regarding the applicability of the statute, then that doubt should be resolved in favor of dismissal. *Id.*; *see also State ex rel. Ford Motor Co. v. Nixon*, 219 S.W.3d 846, 849 (Mo. Ct. App. 2007) ("We interpret the Workers' Compensation Law liberally, and where there is doubt . . . we resolve it in favor of [its application]").

On the face of the pleadings, Plaintiffs' allegations in Counts I, II and III related to Mr. Seaton's cancer and death fall squarely within the exclusivity clause of the Workers' Compensation Law. In their Case Overview, Plaintiffs allege that Mr. Seaton was exposed to chemicals like "TCE toxins, other solvents, carginogenic [sic] agents and volatile organic compounds" as a part of and throughout his employment, which in turn led to Mr. Seaton contracting cancer and his subsequent death. (Pet. at ¶ 5.) As set forth below, Plaintiffs attempt to plead around the statutory bar, but such attempts ignore the clear legislative mandate that all such work-related claims must be heard and decided under the Workers' Compensation Law process and through the proper application of the current version of the statute.

A. **The Current Version of the Missouri Workers' Compensation Law Applies to Bar Plaintiffs' Count II.**

Historically, under Missouri common law, negligence claims causing personal injury would be extinguished upon the injured party's death. *See generally Sullivan v. Carlisle*, 851

S.W.2d 510, 513-14 (Mo. banc 1993) (comparing wrongful death statutes and survival statutes). Missouri changed the common law by codifying a wrongful death statute. Mo. Ann. Stat. § 537.080 *et seq.* This statute created a new type of claim for which parties, such as spouses or children of the deceased, could bring claims against tortfeasors for causing the death of the decedent. *Lawrence v. Beverly Manor*, 273 S.W.3d 525, 527 (Mo. 2007). A wrongful death claim is a distinct cause of action separate and apart from other tort claims. *Id.* Plaintiffs have no standing to sue on behalf of Mr. Seaton except under the strict terms of the wrongful death statute. *See Sullivan*, 851 S.W.2d at 514 ("[T]he wrongful death statute continues to restrict the rights of parties affected by an untimely death, by drawing the line between those who will and those who will not be allowed to recover damages by reason of the death.") Indeed, Plaintiffs admit as much by citing to the wrongful death statute in their Petition as justification for asserting their claims related to Mr. Seaton. (Pet. at ¶ 11.) A wrongful death action accrues at the time of death. *Finney v. Nat'l Healthcare Corp.*, 193 S.W.3d 393, 395 (Mo. Ct. App. 2006). "A wrongful death action is not a transmitted right nor a survival right but is created and vested in the statutorily designated survivors **at the moment of death**." *Id.* (emphasis added).

Mr. Seaton's death in 2016 is the key date for any analysis by this Court. As applied here, Plaintiffs' right to bring Counts I, II, and III did not accrue when Mr. Seaton was diagnosed with cancer in 2013, but instead when he passed away in 2016. Thus, 2016 is the only date relevant for considering which version of the Workers' Compensation Law applies in this litigation, as the date when Plaintiffs' wrongful death claim became viable. As such, the current version of the Workers' Compensation Law, as amended in 2014 and prior to Mr. Seaton's death, applies to this case.

The version of the Workers' Compensation Act in force at the time of Mr. Seaton's death explicitly states that occupational diseases fall under the exclusivity clause. Mo. Ann. Stat. § 287.120. Notably, Plaintiffs' claims related to Mr. Seaton accrued in 2016 - two years after the statute was modified to explicitly state that occupational diseases fall under its exclusive purview. The current version of § 287.120, which is the same version that was in effect when Mr. Seaton died, states:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee *by accident or occupational disease* arising out of and in the course of the employee's employment … and every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person . . . .

Mo. Ann. Stat. § 287.120 (emphasis added).

In an effort to circumvent the aforementioned exclusivity language in the Workers' Compensation Law, Plaintiffs allege that Mr. Seaton's cancer is an "occupational disease" as that term is defined in the Workers' Compensation Law, but assert that Mr. Seaton's cancer diagnosis in 2013 was the triggering event giving rise to Plaintiffs' Counts I, II, and III here. (Pet. at ¶ 50.) Plaintiffs go on to argue that, prior to amendment in 2014, the language of the statute's exclusivity clause did not specifically refer to "occupational disease." (Pet. at ¶ 51.). This pre-2014 version states:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person.

Mo. Ann. Stat. § 287.120 (2005 version). According to Plaintiffs, an occupational disease could give rise to a workers' compensation claim as well as additional claims that would otherwise be precluded by the Workers' Compensation Law. (Pet. at ¶ 52.) Thus, Plaintiffs conclude, the

version of the Workers' Compensation Law quoted above that was in effect in 2013 (as well as a line of Missouri cases exempting occupational diseases from the exclusivity provisions of that version of the statute) applies to this action. (Pet. at ¶ 52.)

As set forth above, Plaintiffs' attempt to argue that the earlier version of the Workers' Compensation Law should apply is legally unsupportable and should not be considered by the Court. The current version of the statute, in place at time of Mr. Seaton's death in 2016 and when Plaintiffs' wrongful death claim accrued, applies and is the sole remedy, if any, for Plaintiffs. Therefore, Count II should be summarily dismissed under the plain language of the Workers' Compensation Law in effect in 2016.

### B. The Workers' Compensation Law Also Bars Plaintiffs' Counts I and III.

Although the legal theories appear different, Plaintiffs' Counts I and III both allege that Mr. Seaton was exposed to certain chemicals in the environment – the same chemicals that he was allegedly exposed to at work as Plaintiffs allege in Count II – which in turn led to his death. (Pet. at ¶¶ 6-10, 13-16, 18-20.) Plaintiffs may assert that this exposure was outside Mr. Seaton's workplace, but that does not prevent these claims from being dismissed pursuant to Missouri law.

If Count II is dismissed because it falls outside the exclusive remedies allowed by the Workers' Compensation Law, then so too must Counts I and III fail. While Plaintiffs' allegations are broadly styled and blur the lines between the alleged harm suffered by Mr. Seaton from workplace and non-workplace exposures, Plaintiffs allege that the resultant harm from the exposure was the same.[2] In other words, Plaintiffs seek to bring multiple wrongful death claims

---

[2] *Compare* Pet. at ¶ 58 (Count II: "As a result of the negligence of Modine, Sundstrand and Blatchford, Gary suffered significant ongoing and debilitating injuries to his liver, colon, bladder, and lungs, and then died.") *with* Pet. at ¶ 43 (Count I: "As result of the negligence of Modine, Sundstrand and Blatchford, Gary suffered significant ongoing and debilitating injuries to his liver, colon, bladder, and lungs.") *and* Pet. at ¶ 74 (Count III: "As a result of

stemming from the same alleged harm.  Both the Missouri wrongful death statute and the Workers' Compensation Law prevent Plaintiffs from doing so.

First, the wrongful death statute plainly states that: "Only *one* action may be brought under this section [537.080] against any *one* defendant for the death of any *one* person."  Mo. Rev. Stat. § 537.080.2 (emphasis added).  Thus, regardless of how Plaintiffs may style their pleadings, the only right Plaintiffs have to assert *any* action against Hamilton Sundstrand as related to Mr. Seaton's death is under the strict confines of § 537.080, which is expressly limited to a single wrongful death claim.

Second, the plain language of the Workers' Compensation Law prevents any of Plaintiffs' claims for the wrongful death of Mr. Seaton that are brought outside the manner authorized by that statutory scheme.  The Workers' Compensation Law states that "every employer and employees of such employer shall be released from *all* other liability *whatsoever*, whether to the employee *or any other person* …"  Mo. Rev. Stat. § 287.120.1 (emphasis added).  Put into context here, the meaning is clear: *No one* can assert *any* claim against Hamilton Sundstrand for the alleged harm to an employee, except in a workers' compensation claim.

Plaintiffs attempt to bypass this statute by alleging both workplace and non-workplace facts resulting in the same harm; however, Plaintiffs cannot state with one breath that Mr. Seaton suffered an "occupational disease" as that term is defined under the Workers' Compensation Law, and then in the next allege that Mr. Seaton suffered some indefinite harm outside the workplace, *but still at the hands of his employer*.  To allow otherwise would be to create a situation where any plaintiff could avoid the strict application of the Workers' Compensation Law by merely making bare contentions about non-workplace issues.

---

the abnormally dangerous activities of Modine and Sundstrand, Gary suffered significant ongoing and debilitating injuries to his liver, colon, bladder, and lungs and has and will suffer associated problems as a result of these conditions.").

When read in conjunction, the wrongful death statute (1) limits Plaintiffs' standing to a single wrongful death claim against Hamilton Sundstrand, and the Workers' Compensation Law (2) limits any liability Hamilton Sundstrand may have associated with that claim to the exclusive remedies afforded under that act. Therefore, if Plaintiffs' Count II is dismissed for failure to state a claim because it falls outside the exclusive remedies pursuant to the Workers' Compensation Law, so too must Counts I and III be dismissed for the same reason.

## II.    In the Alternative Counts I & III Should Also be Dismissed Because the Court Lacks Subject Matter Jurisdiction.

The issue of whether an injury arises within the context of employment is one that must be decided by the Labor and Industrial Relations Committee pursuant to the Workers' Compensation Law. *Channel v. Cintas Corp. No. 2*, 514 S.W.3d 121, 123 (Mo. Ct. App. 2017); *see also Nixon*, 219 S.W.3d at 849 (holding that a plaintiff cannot avoid the applicability of workers' compensation merely by raising factual issues regarding the source of the harm suffered). A district court lacks jurisdiction to make this determination. *Channel*, 514 S.W.3d at 123.

Plaintiffs do not distinguish the alleged harm that Mr. Seaton suffered by whether Mr. Seaton's exposure was at work or at home. On the contrary, Plaintiffs' pleadings repeatedly allege that Mr. Seaton was exposed to the same harmful chemicals, both at work and at home. Plaintiffs further repeatedly allege that both the work exposure and the home exposure caused or contributed to Mr. Seaton's injury and death. A long line of Missouri cases has held that fact issues related to determining whether the injury was caused by employment or outside of employment must be determined by the Labor and Industrial Relations Committee. *See id.* (listing cases).

Therefore, even if there is any question in this Court's mind as to the applicability of the Workers' Compensation Law to Counts I, II, and III because Plaintiffs allege that Mr. Seaton suffered an "occupational disease" then this Court must follow Missouri law and dismiss these counts for lack of jurisdiction.

## III. Count IV Must be Dismissed For Failure to State a Claim

Plaintiff's Count IV, labeled as "Property Damage & Devaluation," alleges that Plaintiff Lynda Seaton sustained property damage caused by Defendants. However it is entirely unclear what legal theory Plaintiff is alleging in Count IV. In paragraph 85, Plaintiff alleges trespass. (Pet. at ¶ 85.) In the next paragraph, Plaintiff alleges nuisance. (Pet. at ¶ 86.) In paragraph 87, Plaintiff alleges at least four different causes of action, including negligence, trespass, nuisance, and strict liability. (Pet. at ¶ 87 ("As a direct and proximate result of defendants' negligence and trespass, the nuisance caused by defendants, and the strict liability for which defendants are liable, Lynda's home has been damaged . . . .").)

It is long-settled procedural law under Fed. R. Civ. P. 8(a) that "inconsistent claims should be separately stated." *Woody v. Sterling Aluminum Products, Inc.*, 243 F. Supp. 755, 759 (E.D. Mo. 1965) ("Although Rule 8 authorizes pleading in the alternative and without regard to consistency, we believe that at the very least inconsistent claims should be separately stated, so that the other party may be enabled to 'state in short and plain terms his defenses to each claim' (Rule (8))"). Otherwise, "defendants must speculate as to the number and nature of the claims plaintiffs intend to set forth." *Id.* Plaintiff fails this standard here because she has pleaded inconsistent and alternative Missouri state-law claims in the same Count.

Plaintiff's Count IV further fails to meet the pleading requirements of Fed. R. Civ. P. 8 under the *Twombly/Iqbal* standard. To survive a motion to dismiss for failure to state a claim, a complaint must set forth "enough facts to state a claim for relief that is plausible on its face."

Case 2:17-cv-04100-NKL   Document 12   Filed 06/14/17   Page 14 of 17

*C.N. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

As for Plaintiff's trespass allegation, Plaintiff has failed to plead facts alleging when, how, or to what extent any Defendant directly physically interfered with the property, as required by Missouri law. *See Goerlitz v. City of Maryville*, 333 S.W.3d 450, 454 (Mo. 2011). Plaintiff has failed to identify what and whose action allegedly constitutes a trespass. Because of these deficiencies, Hamilton Sundstrand is not able to sufficiently answer these allegations.

Similarly, Plaintiff's nuisance allegation fails to plead the elements of nuisance under Missouri law. The Petition fails to plead any facts in Count IV that allege Defendants' use of their property was "unreasonable, unusual, or unnatural," as required by Missouri law. *See Rosenfeld v. Thoele*, 28 S.W.3d 446, 450 (Mo. Ct. App. 2000). Furthermore, Plaintiff has pleaded no facts showing how her rights, use, or enjoyment of the land has been impaired. *Id.* It is also unclear from Plaintiff's pleading what party or action allegedly caused the nuisance. Once again, these deficiencies do not allow Hamilton Sundstrand to sufficiently answer the allegations.

In addition to trespass and nuisance, Plaintiff alleges strict liability and negligence in Count IV. Hamilton Sundstrand is not able to sufficiently answer whether these are separate negligence and strict liability claims as alleged in Counts I–III or whether they are the same claims. Hamilton Sundstrand can only "speculate as to the number and nature of the claims" set forth in Count IV. *See Woody*, 243 F. Supp. at 759. For these reasons, Plaintiff's Count IV should be dismissed.

# CONCLUSION

Although Plaintiffs attempt to make fine distinctions between their various legal theories and claims, the common theme throughout is that Plaintiffs are bringing a wrongful death claim against Defendants. Further, the events and injuries leading to that wrongful death claim also have the common theme that they arise out of Gary Seaton's employment, or are indistinguishable from his employment. As such, pursuant to the Missouri Workers' Compensation Law, Plaintiffs are limited to the remedies afforded under that statute. Further, Count IV fails to meet the pleading requirements of Fed. R. Civ. P. 8 and fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, in Count IV Plaintiff fails to plead facts sufficient for trespass and nuisance that allow Defendants to answer the allegations. Therefore, Plaintiffs' Counts I, II, III, and IV must be dismissed.

Respectfully submitted,

STINSON LEONARD STREET LLP

/s/ Jere D. Sellers
Jere D. Sellers          MO#  44505
Brett A. Shanks         MO#  67749
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Tel.: 816-842-8600
Fax: 816-412-1235
jere.sellers@stinson.com
brett.shanks@stinson.com

Attorneys for Defendant Hamilton Sundstrand Corporation (incorrectly named as "UTC Aerospace Systems, Inc.") and/or UTC Aerospace Systems, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy via electronic mail on the following counsel of record:

> Steve Garner
> Chandler Gregg
> Grant Rahmeyer
> 415 E. Chestnut Expressway
> Springfield, Missouri 65802
> sgarner@stronglaw.com
> chandler@stronglaw.com
> grahmeyer@stronglaw.com

/s/ Jere D. Sellers
Attorney for Defendant Hamilton
Sundstrand Corporation (incorrectly named
as "UTC Aerospace Systems, Inc.") and/or
UTC Aerospace Systems, Inc.