UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

LYNDA SEATON, et al.,                    )
                                         )
                    Plaintiffs,          )
                                         )
        vs.                              )          Case No. 17-04100-CV-C-NKL
                                         )
MODINE MANUFACTURING                     )
COMPANY, et al.,                         )
                                         )
                    Defendants.          )

DEFENDANT MODINE MANUFACTURING COMPANY'S SUGGESTIONS
IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Modine Manufacturing Company ("Modine"), by and through undersigned

counsel, respectfully submits its Suggestions in Support of its Motion to Dismiss the claims

asserted by Plaintiffs Lynda and Wes Seaton (collectively "Plaintiffs").

INTRODUCTION

Plaintiffs Lynda and Wes Seaton are the surviving spouse and son, respectively, of

Decedent Gary Seaton. They seek to pursue wrongful death claims against Mr. Seaton's former

employers, Modine and Hamilton Sundstrand Corporation (incorrectly sued as "UTC Aerospace

Systems, Inc." and also referred to in Plaintiffs' petition as "Sundstrand"), and allege Mr.

Seaton's death was caused by his exposure to certain chemical constituents in the workplace.

(Petition, Counts I-III.) As explained below, however, Plaintiffs' exclusive remedy for Mr.

Seaton's death, if any, lies within the Missouri Worker's Compensation Act ("the Act"). Mo.

Rev. Stat. §§ 287.120.1 and .2. Plaintiffs' wrongful death claims against Modine should

accordingly be dismissed. Fed. R. Civ. P. 12(b)(6).

1

In Count IV of the petition, Plaintiff Lynda Seaton pleads a separate claim against Modine and Sundstrand, which she titles as a claim to recover for "Property Damage & Devaluation." Plaintiff alleges Modine and Sundstrand have contaminated her property and have therefore engaged in a continuing trespass or nuisance. But she omits basic facts concerning how Modine allegedly trespassed or otherwise committed a nuisance on her property. As but one example, Plaintiffs acknowledge in their petition that Modine and Sundstrand owned and/or operated the Plant during different time periods between 1972 and 2012 (with Modine not taking over ownership and operations until 1990); however, Plaintiffs fail to plead any facts concerning when the alleged trespass or nuisance began, how each of Modine and Sundstrand supposedly trespassed or created a nuisance on Plaintiff's property, or what the trespass or nuisance entailed. Count IV of the petition should be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted against Modine. Fed. R. Civ. P. 8(a)(2), 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

<u>PLAINTIFFS' ALLEGATIONS</u>

A.  <u>Plaintiffs' wrongful death claims against Modine (Petition, Counts I-III)</u>

Plaintiffs have sued Defendants Modine, Sundstrand, and an individual, John Blatchford.[1] (Petition.) Plaintiffs plead Plaintiff Lynda Seaton was the lawfully-wedded wife of Decedent Gary Seaton and Plaintiff Wes Seaton is Gary Seaton's natural born son. (Petition, ¶ 11.) Plaintiffs allege they are within the class of statutory beneficiaries entitled to bring and maintain a wrongful death action for Gary Seaton's death under Mo. Rev. Stat. § 537.080. (Petition, ¶ 11.)

Plaintiffs contend Sundstrand owned and operated an industrial plant in Camdenton, Missouri (the "Plant"), from 1972 until 1990. (Petition, ¶¶ 5, 10.) Plaintiffs further contend that,

---

[1] For the reasons Modine identified in its Notice of Removal, Mr. Blatchford has been fraudulently joined to defeat diversity jurisdiction. (ECF No. 1, ¶¶17-28.)

from 1990 until 2012, the Plant was owned and/or operated by Modine. (Petition, ¶ 10.) Decedent Gary Seaton worked as a machine operator at the Plant from 1969 until its closure in 2012. (Petition, ¶¶ 17, 18.)

Plaintiffs assert that during the time period of their respective ownership and operation of the Plant, "both Sundstrand and Modine used large quantities of TCE [trichloroethylene] *and/or* tricloroethane (TCA) as a de-greasing agent." (Petition, 19, emphasis added.) Plaintiffs also allege that from approximately 1993 to 1997, "Modine used methylene chloride as a de-greasing agent." (Petition, ¶ 19.) Plaintiffs plead Defendants' conduct in their operation of the Plant "resulted in TCE and other volatile organic compounds in the environment surrounding the Plant * * * and resulted in exposure to said TCE and other carcinogens by Gary Seaton." (Petition, ¶ 27.)

Plaintiffs allege Decedent Gary Seaton's "contact with TCE and other chemicals at the Plant and/or his exposure to and consumption of TCE and other chemicals in the water and air surrounding the Plant" caused him to develop "stage 4 liver cancer, colon cancer, bladder cancer, and lung cancer," which Plaintiffs claim was diagnosed in 2013. (Petition, ¶33.) Plaintiffs further contend that, "[a]s a result of his cancer and illnesses suffered as a result of TCE exposure and/or exposure to other compounds and carcinogens, caused by defendants, Gary Seaton died on August 8, 2016." (Petition, ¶ 34.)

In Count I, Plaintiffs contend Gary Seaton's death was caused by Defendants' negligent conduct and identify several possible bases for their alleged negligence, acting "either individually, in combination or in the alternative." (Petition, ¶ 38.) Plaintiffs do not, however, provide any further information to allow Modine to determine the conduct Plaintiffs believe *Modine* specifically engaged in to cause Mr. Seaton's death. (*See id.*.) In Count II, Plaintiffs

3

allege Defendants were negligent in respect to the creation of work conditions at the Plant, "with such negligence directly contributing to cause Gary's illness, disease and death." (Petition, ¶ 53.) And in Count III, Plaintiffs contend Modine and Sundstrand used, stored and disposed of large quantities of TCE while operating the Plant, "which constituted an abnormally dangerous activity," and, as a result, Mr. Seaton died. (Petition, ¶¶ 67, 77.)

B.  Plaintiff's claim for property damage/devaluation (Count IV)

In Count IV of the petition, Plaintiff Mrs. Seaton alleges "Defendants' negligence, and the strict liability for which defendants are liable, described above, directly and proximately caused or contributed to cause contamination of" property located at 415 Mulberry in Camdenton, which property was "owned and occupied by Gary and Lynda Seaton at all relevant times." (Petition, ¶ 83.) Plaintiff claims the alleged contamination of her property "constitutes a continuing wrong, and continuing trespass." (Petition, ¶ 85.) Plaintiff further contends Defendants engaged in a nuisance that entitles Plaintiff to collect damages for the alleged devaluation of her property. (Petition, ¶¶ 85, 86.)

ARGUMENT

A.  Legal standard on a Rule 12(b)(6) Motion to Dismiss

The purpose of Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint. *See Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Id.*, citing *Neitzke v. Williams*, 490 U.S. 319, 326-7 (1989).

Dismissal under Rule 12(b)(6) is warranted when the complaint on its face reveals an insuperable bar to relief. *Martin v. Joyce*, Case No. 2:16-cv-04319-NKL, 2017 WL 971703 at *3

4

(W.D. Mo., March 13, 2017), citing *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). "If an affirmative defense * * * is apparent on the face of the complaint * * * that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *ABF Freight System, Inc. v. Int'l Broth. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012)

Additionally, Fed. R. Civ. P. 8(a)(2) requires that a complaint "must contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss for failure to state a claim, a complaint must set forth "enough facts to state a claim for relief that is plausible on its face." *C.N. Willmar Pub. Scho., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *C.N. Willmar Pub. Scho., Indep. Sch. Dist. No. 347*, 591 F.3d at 629-30 (quoting *Twombly*, 550 U.S. at 555 (internal quotations omitted and alteration in original). Where a complaint pleads facts that are merely consistent with a defendant's liability, it falls short of the plausibility requirement, and the complaint must be dismissed. *Iqbal*, 556 U.S. at 678 (citations omitted).

B.  <u>Plaintiffs' wrongful death claims against Modine (Counts I through III) are barred by the exclusive remedy provisions of Missouri's Worker's Compensation Act</u>

In three of the four counts of Plaintiffs' petition, Plaintiffs seek to pursue a wrongful death claim against Modine (one of Mr. Seaton's former employers) based on their theory that Modine's conduct caused Mr. Seaton's death from cancer. (Petition, Counts I-III.) Modine is

immune from civil liability for Mr. Seaton's death, however, due to the application of the exclusive remedy provisions of the Missouri Worker's Compensation Act, §§ 287.120.1 and .2. Because Plaintiffs have no right to pursue a civil lawsuit against a former employer for Mr. Seaton's death, Modine is entitled to dismissal of Counts I through III.

        1.   <u>Plaintiffs' wrongful death claims did not accrue until 2016</u>

A wrongful death claim accrues at death. *Boland v. Saint Luke's Health System, Inc.*, 471 S.W.3d 703, 710 (Mo. banc 2015). Moreover, "[w]rongful death in Missouri is statutory and has no common law antecedent." *Id.* at 707, citing *Sanders v. Ahmed*, 364 S.W.3d 195, 203 (Mo. banc 2012) ("Missouri does not recognize a common-law claim for wrongful death").

A wrongful death claim "does not belong to the deceased" and is not a continuation of a predicate tort that caused the death. *Sullivan v. Carlisle*, 851 S.W.2d 510, 515 (Mo. banc 1993); *Sanders*, 364 S.W.3d at 203. As the Missouri Supreme Court held in *Sanders*:

> Wrongful death was, and is, a new statutory cause of action independent of the predicate tort, *Sullivan v. Carlisle*, 851 S.W.2d 510, 515 (Mo. banc 1993) ("[A] wrongful death claim * * * is neither a transmitted right nor a survival right, but is created and vests in the survivors at the moment of death.") (citations omitted); *see also Lawrence v. Beverly Manor*, 273 S.W.3d 525, 528-29 (Mo. banc 2009) ("Wrongful death * * * is a cause of action separate from the underlying torts," * * *.)

*Sanders*, 364 S.W.3d at 203.

Gary Seaton died on August 8, 2016. (Petition, ¶ 34.) Plaintiffs' statutory wrongful death claim (as asserted in Counts I through III of their pleading) did not exist before 2016 and could not have accrued until 2016. Plaintiffs' right to pursue wrongful death claims must therefore be subject to, and governed by, the Missouri statutes in effect as of August 2016.

        2.   <u>Plaintiffs' wrongful death claims against Modine fall within the exclusive remedy provisions of the Act</u>

Effective January 1, 2014, a new workers' compensation exclusive remedy statute went into effect. Mo. Rev. Stat. § 287.120 (2014). Section 287.120 expressly states:

> 1.      Every employer subject to the provisions of this chapter [which is entitled "Worker's Compensation Law"] shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident *or occupational disease* arising out of and in the course of employee's employment. * * * *[E]very employer * * * shall be released from all other liability whatsoever*, whether to the employee or any other person * * * .

> 2.      *The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife*, her husband, parents, personal representatives, dependents, *heirs or next kin*, at common law or otherwise, on account of such injury or death by accident or occupational disease, except such rights and remedies as are not provided for by this chapter.

Mo. Rev. Stat. §§ 287.120.1 and .2 (2014) (emphases added).

The Worker's Compensation Act is "wholly substitutional in character, and supplants all other rights and remedies, at common law or otherwise * * *." *De May v. Liberty Foundry Co.*, 37 S.W.2d 640, 645 (Mo. 1931); *Killian v. J & J Installers*, *Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991). The plain language of § 287.120 confirms the Missouri worker's compensation system supplies the sole and exclusive remedy for any claim that seeks to recover for the death of an employee due to an alleged occupational disease. Section 287.120.1 and .2.

Plaintiffs allege Gary Seaton died as a result of a diagnosed occupational disease allegedly sustained while he worked at the Plant. (Petition, ¶¶ 17, 18, 33, 34, 50, 51, 53.) On the date Plaintiffs' claim came into existence (August 8, 2016), the plain language of § 287.120.1 and .2 confirmed that Plaintiffs' exclusive remedy against Modine for Mr. Seaton's death lies within the worker's compensation system.

The applicability of the exclusive remedy provisions of the Act is an affirmative defense in Missouri that may be raised at the outset of litigation. *See McCracken v. Wal-Mart Stores East*, *LP*, 298 S.W.3d 473 (Mo. banc 2009). Modine's right to claim the affirmative defense of

7

worker's compensation exclusivity is also apparent from the face of the petition (where Plaintiffs allege Mr. Seaton died of an occupational disease). *ABF Freight System, Inc.*, 728 F.3d at 861. Plaintiffs cannot sustain civil claims against Modine for Mr. Seaton's alleged wrongful death. Counts I, II and III of the petition should therefore be dismissed.

C. Count IV of the petition also fails to state a claim upon which relief may be granted against Modine

1. Plaintiff does not provide even basic information about Modine's particular conduct that amounts to a trespass or nuisance on her property

Plaintiffs' petition describes Defendants' alleged conduct in operating the Plant for a period of approximately 40 years in general, undifferentiated terms. Instead of pleading specific facts and making allegations with respect either to Modine or Sundstrand, individually, Plaintiffs instead combine their pleaded allegations against Modine and Sundstrand under a generalized declaration that Modine and Sundstrand acted "individually, in combination, or in the alternative." (*See, e.g.,* Petition, ¶¶ 38, 53, 71.) Plaintiffs' allegations do not satisfy even the most basic requirements of Rule 8 in respect to Count IV.

First, Plaintiffs do not reconcile their suggestion that Defendants may have acted "in combination" with their pleaded acknowledgement that Modine and Sundstrand owned and operated the Plant during different time periods. (*See* Petition, ¶ 10; alleging Sundstrand owned and operated the Plant from 1972 to 1990 and Modine subsequently owned and operated the Plant from 1990 to 2012.) *See Smith v. Bank of America, N.A.*, Case No. 13-0333-CV-W-ODS, 2013 WL 4735632 at *2 (W.D. Mo., Sept. 3, 2013) (dismissing a complaint against multiple defendants when plaintiffs' complaint failed to differentiate between the actions engaged in by the respective defendants at different times and finding the complaint "asserts a multitude of grievances, but insufficiently pleads a basis for making these Defendants answer for them."). Further, Count IV of the petition does not provide any temporal facts to establish either when the

8

supposed trespass(es) or nuisance began or to identify the specific role either Sundstrand or Modine allegedly played in trespassing or creating a nuisance.

Second, the petition does not provide Modine with any details surrounding the alleged contamination of Plaintiff's property aside from making blanket declarations accusing Defendants of "contamination." (*See, e.g.,* Petition, ¶¶ 83, 85, 88.) The petition does not identify the alleged trespassing chemical or constituent or, for that matter, the alleged nuisance with any level of detail or specificity. And although the petition refers to a "continuing trespass," Plaintiff does not offer any facts to support the naked allegation of a continuing trespass. Instead, Plaintiff provides mere labels and conclusions in Count IV, while offering scant substantive information to support her alleged trespass, nuisance and undefined devaluation claim. *See Twombly*, 550 U.S. at 555.

Count IV of the petition rests on generalized legal conclusions and argumentative suggestions that Modine trespassed or created a nuisance that affected Plaintiff's property; however, the petition pleads no facts to satisfy any of the fundamental requirements for establishing Modine's liability.[2]

CONCLUSION

Plaintiffs' civil wrongful death claims against Decedent's former employer Modine is barred by the exclusive remedy provisions of the Missouri Worker's Compensation Act. Mo. Rev. Stat. §§ 287.120.1 and .2. Counts I, II and III of Plaintiffs' petition against Modine should be dismissed.

---

[2] It is immaterial that Plaintiffs initially filed their petition in a Missouri circuit court because Count IV would be similarly deficient under Missouri's fact-pleading standard (which requires a plaintiff to plead "a short and plain statement of the facts showing that the pleader is entitled to relief * * *."). Mo. R. Civ. P. 55.05.

9

Additionally, Count IV of the petition fails to meet basic notice requirements or otherwise state a claim upon which relief may be granted against Modine for Plaintiff Lynda Seaton's alleged property damage or property devaluation. Count IV should be dismissed against Modine based on Plaintiff's insufficient allegations of trespass or nuisance.

Dated: June 14, 2017                                    Respectfully submitted,

                                    By:   /s/ Patrick N. Fanning
                                          Patrick N. Fanning          MO #47615
                                          Mark D. Anstoetter          MO #47638
                                          SHOOK HARDY & BACON L.L.P.
                                          2555 Grand Blvd.
                                          Kansas City, MO 64108
                                          T: 816.474.6550/F: 816.421.5547
                                          pfanning@shb.com
                                          manstoetter@shb.com

                                          ATTORNEYS FOR DEFENDANT MODINE
                                          MANUFACTURING COMPANY


                        CERTIFICATE OF SERVICE

        Undersigned counsel hereby certifies that on this 14th day of June, 2017, counsel filed the above pleading with the Court via the CM/ECF system and served a copy via electronic mail on the following counsel of record:

        Steve Garner
        Chandler Gregg
        Grant Rahmeyer
        415 E. Chestnut Expressway
        Springfield, Missouri 65802
        sgarner@stronglaw.com
        chandler@stronglaw.com
        grahmeyer@stronglaw.com

                                    /s/ Patrick N. Fanning
                                    An Attorney for Modine Manufacturing Company