UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LYNDA SEATON and WES SEATON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 17-04100-CV-C-NKL ) ) |
| MODINE MANUFACTURING COMPANY, HAMILTON SUNDSTRAND CORPORATION, and JOHN BLATCHFORD, | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT MODINE MANUFACTURING COMPANY'S
SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Patrick N. Fanning    MO #47615
Mark D. Anstoetter    MO #47638
Bridget E. Halbur    MO #68734
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
T: 816.474.6550/F: 816.421.5547
pfanning@shb.com
manstoetter@shb.com
bhalbur@shb.com

ATTORNEYS FOR DEFENDANT MODINE
MANUFACTURING COMPANY AND JOHN
BLATCHFORD

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Legal Standard ........................................................................................................ 2

    B. Plaintiffs' Claims Against Mr. Blatchford Have No Reasonable Basis in Fact or Law. ............................................................................................................ 3

        1. Plaintiffs' Claims Against Mr. Blatchford Are Barred by the Missouri Worker's Compensation Act. ....................................................... 4

        2. Plaintiffs Do Not Allege Mr. Blatchford Engaged in an "Affirmative Negligent Act" Under Section 287.120.1. ................................................... 7

    C. Plaintiffs Also Fail to Allege a Common Law Negligence Claim Against Mr. Blatchford............................................................................................................ 9

    D. The Cases Plaintiffs Rely Upon Are Distinguishable by Fact and Controlling Law. ..................................................................................................... 10

    E. Plaintiffs Have No Basis to Request Fees............................................................. 12

III. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

Page

**Cases**

*A.T. v. Newark Corp.*,
  No. 4:16-cv-00448-SNLJ, 2017 WL 57251 (E.D. Mo. Jan. 5, 2017) ................. 7, 9, 10, 13

*Burns v. Smith*,
  214 S.W.3d 335 (Mo. 2007) ............................................................................................ 6

*Contrast Nolen v. Bess*,
  No. ED 101591, 2016 WL 6956755 (Mo. Ct. App. Nov. 29, 2016) ............................... 11

*Ellingsworth v. Vermeer Mfr. Co.*,
  No. 16-05042, 2016 WL 7045603 (W.D. Mo. Dec. 2, 2016) ................................... passim

*Filla v. Norfolk Southern Ry. Co.*,
  336 F.3d 806 (8th Cir. 2003) ....................................................................................... 2, 3

*Gauert v. Gerdau Ameristeel U.S. Inc.*,
  No. 4:16-CV-01091-DGK, 2017 WL 1609861 (W.D. Mo. May 1, 2017) ..................... 14

*Groh v. Kohler*,
  148 S.W.3d 11 (Mo. Ct. App. 2004) .............................................................................. 13

*Hansley v. Townsend Corp. of Ind.*,
  No. 1:17 CV 4 SNLJ, 2017 WL 2189459 (E.D. Mo. May 18, 2017) ............................. 10

*Junk v. Terminix Int'l Co.*,
  628 F.3d 439 (8th Cir. 2010) ........................................................................................... 3

*Kelley v. DeKalb Energy Co.*,
  865 S.W.2d 670 (Mo. 1993) ............................................................................................ 6

*Knudson v. Sys. Painters, Inc.*,
  634 F.3d 968 (8th Cir. 2011) ......................................................................................... 13

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) ....................................................................................................... 14

*Peters v. Wady Industries, Inc.*,
  489 S.W.3d 784 (Mo. banc 2016) ............................................................................ passim

*Roberts v. Palmer*,
  354 F. Supp. 2d 1041 (E.D. Mo. 2005) ........................................................................... 1

*Simpson v. Niagra Mach. & Tool Works*,
  No. 05-122-CV-W-FIG, 2006 WL 181954 (W.D. Mo. Jan. 24, 2006), *aff'd sub
  nom. Simpson v. Thomure*, 484 F.3d 1081 (8th Cir. 2007) ............................................ 1

*State ex rel. Taylor v. Wallace*,
  73 S.W.3d 620 (Mo. 2002), *overruled on other grounds by McCraken v. Wal-
  Mart Stores E., LP*, 298 S.W.3d 473 (2009) ................................................................ 6, 7

*Wiles v. Capitol Indem. Corp.*,
    280 F.3d 868 (8th Cir. 2002) ........................................................................................ 3, 11

**Statutes**

28 U.S.C. § 1332 ............................................................................................................... 15

28 U.S.C. § 1447(c) .......................................................................................................... 14

MO. REV. STAT. § 287.120 .......................................................................................... passim

Defendant Modine Manufacturing Company ("Modine") by and through its undersigned attorneys, respectfully submits the following Suggestions in Opposition to Plaintiffs' Motion to Remand.

## I.  INTRODUCTION

In this wrongful death action, Plaintiffs allege that decedent Gary Seaton was exposed to certain chemicals while working at a Camdenton, Missouri plant (the "Plant") once owned and operated by Defendant Hamilton Sundstrand Corporation ("Sundstrand") and later owned and operated by Defendant Modine. Plaintiffs do not dispute that they are citizens of Missouri, that Defendants Sundstrand and Modine are citizens of states other than Missouri, and that, given Plaintiffs' allegations, the amount in controversy exceeds $75,000. Plaintiffs have attempted to defeat this Court's diversity jurisdiction, however, by fraudulently joining Defendant John Blatchford ("Blatchford"),[1] a Missouri resident who was Gary Seaton's co-employee during some portion of his employment at the Plant.

In their Motion to Remand, Plaintiffs claim that they have stated a valid action against Mr. Blatchford under the Missouri Workers' Compensation Act and the "something more" standard of Missouri common law regarding the liability of co-employees for negligence actions arising out of employment. Judge Hays recently found this same argument, based on very similar facts and made by the same law firm that represent Plaintiffs here, to be without merit. *See Ellingsworth v.*

---

[1] Plaintiffs note in their Motion that Mr. Blatchford did not provide consent to the removal of this matter. (ECF No. 30, p. 1.) That observation is immaterial, however, for consent to removal of a party who has been fraudulently joined is not necessary. *Ellingsworth*, 2016 WL 7045603, at *1 n.1; *Simpson v. Niagra Mach. & Tool Works,* No. 05-122-CV-W-FIG, 2006 WL 181954, at *3 n.1 (W.D. Mo. Jan. 24, 2006), *aff'd sub nom. Simpson v. Thomure*, 484 F.3d 1081 (8th Cir. 2007); *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1046 (E.D. Mo. 2005).

1

*Vermeer Mfr. Co.*, No. 16-05042, 2016 WL 7045603 (W.D. Mo. Dec. 2, 2016).[2]  As was the case in *Ellingsworth*, Plaintiffs' pleading fails to state a claim against Mr. Blatchford even under the common law "something more" standard, let alone allege that he engaged in "an affirmative negligent act" as required under Missouri's Workers' Compensation Act, MO. REV. STAT. § 287.120.  Plaintiffs' claims against Mr. Blatchford amount to nothing more than allegations of the breach of an employer's nondelegable duty to provide a safe workplace, and are therefore barred by the Missouri Workers' Compensation Act.  The Court should deny Plaintiffs' Motion for Remand and retain jurisdiction over this matter.

## II.  ARGUMENT

### A.  Legal Standard

As discussed in Modine's Notice of Removal (ECF No. 1), a defendant's right of removal cannot be defeated by the "filing of a frivolous or otherwise illegitimate claim against a nondiverse defendant solely to prevent removal."  *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003); *see also Ellingsworth*, 2016 WL 7045603, at *2.  Under well-settled law, if "no reasonable basis in fact and law support[s the] claim against the resident defendant[]," joinder is fraudulent.  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).  Thus, joinder is fraudulent when state law precludes a cause of action against a defendant.  *Filla*, 336 F.3d at 810-11; *see also Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).  Viewing Plaintiffs' allegations against Mr. Blatchford against this standard, it is clear that Mr. Blatchford's joinder is fraudulent.

---

[2] While criticizing Modine for not citing a particular Eighth Circuit case in its notice of removal, Plaintiffs ignored this recent and very apt decision altogether in their Motion to Remand.

## B. Plaintiffs' Claims Against Mr. Blatchford Have No Reasonable Basis in Fact or Law.

Plaintiffs assert two claims against Mr. Blatchford: Count I, for "negligence against Defendants for exposure into the environment which contributed to cause the death of Mr. Seaton," and Count II, for "negligence against defendants for work conditions which contributed to cause the death of Mr. Seaton." (Petition at pp. 8 and 12.)

Plaintiffs' Petition alleges that, as a part of Plant operations, Sundstrand and Modine used and disposed of various degreasing agents. (Petition, ¶ 19.) Plaintiffs allege that exposure to these degreasing agents caused Mr. Seaton harm. Throughout their pleading, Plaintiffs combine Sundstrand, Modine and Mr. Blatchford into a collective group that allegedly engaged in negligent acts. For example, Plaintiffs allege that "defendants Sundstrand, Modine, *and Blatchford*, ordered workers to dump the TCE [trichloroethylene] and waste compounds onto the ground and into the soil outside the Plant." (Petition, ¶ 20, emphasis added.) Plaintiffs similarly allege that "[w]orkers for Modine and Sundstrand were also instructed by said companies and its management, *and by defendant Blatchford*, to dump barrels of TCE and other carcinogenic compounds into the environment." (Petition, ¶ 21, emphasis added.) And Plaintiffs contend that "Sundstrand, Modine, *and Blatchford* . . . exposed workers including Gary Seaton to TCE and other carcinogens, and failed and/or refused to provide workers with safety equipment and devices necessary for handling and disposing of TCE and other compounds." (Petition, ¶ 26, emphasis added.)

Even when Plaintiffs do separate their allegations into different paragraphs, the allegations of negligence they assert against Mr. Blatchford mirror the allegations of alleged negligent conduct they plead against Sundstrand and Modine. (*Compare* Petition, ¶ 38(a)-(s) (Sundstrand and Modine) with ¶ 40(a)-(c) (Blatchford) and ¶ 53(a)-(u) (Sundstrand and

3

Modine) with ¶ 55(a)-(j) (Blatchford)). For example, Plaintiffs contend Mr. Blatchford was negligent because he supposedly ordered workers to dump TCE and other toxins into the environment and because he refused to take proper actions to remediate. (Petition, ¶ 40(a)-(c).) Plaintiffs make the very same allegations against Defendants Sundstrand and Modine. (Petition, ¶ 38(b), (a), (j), (k).)

Each claim against Mr. Blatchford falls squarely within an employer's nondelegable general duties of care to employees, including the duties to provide a safe place to work, safe equipment, suitable warnings, and a sufficient number of fellow employees. *See Peters v. Wady Industries, Inc.*, 489 S.W.3d 784, 795 (Mo. banc 2016). Thus, as described in detail below, Plaintiffs' claims against Mr. Blatchford are barred by both Missouri's Workers' Compensation Act, MO. REV. STAT. § 287.120, and Missouri common law.

### 1. Plaintiffs' Claims Against Mr. Blatchford Are Barred by the Missouri Worker's Compensation Act.

In their Motion to Remand, Plaintiffs admit that Section 287.120 of the Missouri Worker's Compensation Act governs whether their claims against Mr. Blatchford can stand. Section 287.120.1 states, in part:

> Any employee of such employer *shall not be liable* for any injury or death for which compensation is recoverable under this chapter and every employer *and employees of such employer* shall be released from *all other liability whatsoever*, whether to the employee or any other person, *except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.*

MO. REV. STAT. § 287.120.1 (emphasis added). Under the Worker's Compensation Act, Mr. Blatchford is, therefore, released from civil liability and immune from civil suit unless Plaintiffs allege he engaged in an affirmative negligent act that purposefully and dangerously caused or increased Mr. Seaton's risk of injury (or death). *See, e.g. Ellingsworth*, 2016 WL 7045603, at *2. Plaintiffs have not come close to doing so.

4

To understand what constitutes an "affirmative negligent act" under the Act, it is necessary to delve briefly into the history of co-employee liability in Missouri. Prior to 2012, the Missouri Workers Compensation Act did not include an express provision protecting a co-employee from civil liability in the absence of an "affirmative negligent act," but instead only incorporated common law rights and remedies. *See Peters*, 489 S.W.3d at 789-90. At common law, under what was referred to as the "something more" standard, an injured employee could not maintain a negligence action against a co-employee "when the duties breached were part of the employer's nondelegable duty to provide a safe workplace." *Id.* at 796. The employer's nondelegable duties—which cannot be delegated to a co-employee or supervisor—include:

> The duty to provide a safe place to work[;] (2) The duty to provide safe appliances, tools, and equipment for work[;] (3) The duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance[;] (4) The duty to provide a sufficient number of suitable fellow servants[; and] (5) The duty to promulgate and enforce rules for the conduct of employees which would make the work safe.

*Id.* at 795.

Instead, a co-employee could be liable only if the co-employee breached a duty owed to the plaintiff that was separate and distinct from the nondelegable duties of his employers – that is, if "something more" than a failure of the employer's nondelegable duties was alleged. *Ellingsworth*, 2016 WL 7045603 at *3; *Peters*, 489 S.W.3d at 794-95.

Over time, Missouri courts refined the "something more" test to require that the co-employee must commit "*affirmative negligent acts* outside the scope of an employer's responsibility to provide a safe workplace" to be liable. *Kelley v. DeKalb Energy Co.*, 865 S.W.2d 670, 672 (Mo. 1993) (emphasis added); *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621 (Mo. 2002), *overruled on other grounds by McCraken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473 (2009). The Missouri Supreme Court recently referred to this refinement of the general common

5

law standard as the "post-*Taylor* 'something more'" test. *Peters*, 489 S.W.3d at 797-98. Under the post-*Taylor* "something more" test, an "affirmative negligent act" is "an affirmative act that creates an additional danger beyond that normally faced in the job-specific work environment." *Burns v. Smith*, 214 S.W.3d 335, 388 (Mo. 2007); *see also Peters*, 489 S.W.3d at 798; *Ellingsworth*, 2016 WL 7045603, at *4.

The post-*Taylor* "something more" test, therefore, went beyond the general common law standard to the extent it required purposeful, inherently dangerous conduct, but retained the general common law requirement that the co-employee was immune from liability unless she breached a duty owed independently of the employee-employer relationship. *Peters*, 489 S.W.3d at 797-98.

In 2012, the Missouri Legislature amended the Worker's Compensation Act to expressly provide tort immunity to co-employees unless the "[co-]employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury." MO. REV. STAT. § 287.120.1. The language of the amended statute closely follows the post-*Taylor* "something more" cases requiring allegations of *affirmative negligent acts* outside the scope of an employer's responsibility to provide a safe workplace in order to state a valid claim of action against a co-employee, as has been recognized by both the Missouri Supreme Court (sitting en banc) and Judge Hays in *Ellingsworth*. *See Peters*, 489 S.W.3d at 798 (explaining that the "affirmative negligent act" language of the amended Worker's Compensation Act "closely follows" the refinement of the "something more" test in *State ex rel. Taylor v. Wallace*); *Ellingsworth*, 2016 WL 7045603, at *4 (same). The amended statute "formally grant[s] broad immunity to co-employees, subject to one exception: immunity will not be given to a co-employee when the co-employee 'engaged in an affirmative negligent act that purposefully and generously caused or increased the risk of injury to another employee.'" *A.T. v. Newark Corp.*, No. 4:16-cv-

6

00448-SNLJ, 2017 WL 57251, at *3 (E.D. Mo. Jan. 5, 2017) (emphasis supplied). The statute, therefore, *limits* the circumstances under which co-employees can be held liable as compared to the general common law "something more" doctrine: co-employees are immune from suit unless the co-employee committed affirmative negligent acts that breached a duty separate and distinct from an employer's non-delegable duty to provide a safe workplace. *Id.*; *Peters*, 498 S.W.3d. at 798.

### 2. Plaintiffs Do Not Allege Mr. Blatchford Engaged in an "Affirmative Negligent Act" Under Section 287.120.1.

The affirmative negligent act standard was recently applied by Judge Hays in *Ellingsworth*, where the same counsel who represent Plaintiffs here tried and failed to avoid federal jurisdiction by fraudulently joining a co-employee to defeat diversity. In that case, the plaintiff Richard Ellingsworth had been injured while using an allegedly defective tree chipper. Ellingsworth sued the manufacturing company, his employer, and a nondiverse co-employee. Ellingsworth claimed that the co-employee had committed "affirmative negligent acts" by "requiring Ellingsworth to operate the tree chipper alone without sufficient assistance from other workers, failing to equip the wood chipper with safety devices, failing to implement safety rules and proper training, and by leaving the job site." *Ellingsworth*, 2016 WL 7045603, at *6. Applying the same version of the Worker's Compensation Act at issue here, Judge Hays held that no cause of action could be maintained against the co-employee and that joinder was fraudulent because there was no indication that the co-employee "knew of the danger posed by the [equipment] or that he somehow created an increased risk of danger." *Id.*[3] Further, the court found that Ellingsworth's own

---

[3] Judge Hays disregarded Ellingsworth's allegation that the co-employee "knew or should have known that the wood chipper was in a defective condition, or that injury to the plaintiff was inevitable" as "mere conclusions not supported by alleged fact." *Id.* (internal quotation marks omitted).

7

allegations claimed that the equipment "was used in the manner it was intended to be used" by the employer, and therefore the co-employee could not have increased the risk of danger beyond that which would normally occur at the workplace. *Id.* Judge Hays accordingly concluded that Ellingsworth's allegations against the co-employee "fit squarely within the duties of the employer to provide a reasonably safe working environment" and that, as a result, "no cause of action could be maintained" against the co-employee. *Id.*

The facts here lead to precisely the same result. Plaintiffs allege that Sundstrand and Modine, as part of Plant operations, engaged in the very same conduct they allege as the basis for their claims against Mr. Blatchford. *See* Petition ¶ 20; *compare* Petition, ¶ 40(a)-(c) *with* ¶ 38(b), (a), (j), (k). Like the plaintiff in *Ellingsworth*, Plaintiffs here have failed to allege that Mr. Blatchford engaged in any affirmative negligent act that created "additional danger beyond that normally faced in the job specific work environment." *Ellingsworth*, 2016 WL 7045603, at *4 (citing *Burns*, 214 S.W.3d at 338). To the contrary, Plaintiffs' allegations as to Mr. Blatchford "fit squarely within the duties of the employer to provide a reasonably safe working environment." *Id.* at *6.

Other recent cases have held similarly. For example, in *A.T. v. Newark Corp.*, another wrongful death suit, the plaintiffs alleged that their decedent's co-employee knew that an allegedly defective electrical product could injure decedent, but ordered decedent to perform testing on the product without the proper safety precautions, despite allegedly knowing of the dangers posed. 2017 WL 57251, at *1. Applying the Missouri Supreme Court's decision in *Peters,* the court held that allegations that the co-employee failed to correct a specific danger in the workplace alleged nothing more than a violation of the employers' nondelegable duty to provide safety workplace.

8

*Id.* at *4. Joinder of the defendant co-employee was, therefore, improper and jurisdiction was retained by the district court. *Id.*

Likewise in *Hansley v. Townsend Corp. of Ind.*, the court found that a co-employee was fraudulently joined where the plaintiffs alleged that he directed decedent to continue working despite indications of heat exhaustion. No. 1:17 CV 4 SNLJ, 2017 WL 2189459, *2 (E.D. Mo. May 18, 2017). As in *A.T.*, *Ellingsworth* and *Peters*, the court held that "[e]ven if a supervisor directs an employee to continue working despite knowing of a danger to the employee's health and safety, that co-employee is not liable to the plaintiff. Rather that implicates the employers' non-delegable duty to provide a safe workplace." *Id.* (internal citations omitted).

Because Plaintiffs have not alleged an "affirmative negligent act" by Mr. Blatchford, the Workers' Compensation Act precludes the claims that they purport to assert against Mr. Blatchford. *See Filla*, 336 F.3d at 810-11. Consequently, the joinder of Mr. Blatchford, like the joinder of the nondiverse co-employee defendants in *Ellingsworth*, *A.T.* and *Hansley*, cannot defeat Modine's right of removal, and Plaintiffs' Remand Motion should be denied.

### C. Plaintiffs Also Fail to Allege a Common Law Negligence Claim Against Mr. Blatchford.

Plaintiffs hope to avoid remand of this case by conflating the "affirmative negligent act" requirement of the Workers' Compensation Act with the "something more" standard of general common law. But even if Plaintiffs were correct that the "affirmative negligent act" standard of Section 287.120.1 was identical to the general common law standard, their claims against Mr. Blatchford will still have "no reasonable basis in fact and law." *Wiles*, 280 F.3d at 871. Plaintiffs' Petition plainly fails to assert that Mr. Blatchford owed or breached a duty separate or distinct from the employers' nondelegable duties, as required to state a claim for common law negligence against a co-employee.

9

*Peters* makes clear that "when an employee's injuries result from the tools furnished, the place of work, or the manner in which the work was being done, the injuries are attributable to a breach of the employers' nondelegable duty to provide a safe workplace" rather than the negligence of the co-employee. *Peters*, 489 S.W.3d at 796. Yet the only allegations against Mr. Blatchford are that injuries resulted from the tools – in this case TCE and other chemicals – in the workplace and the manner in which they were used at the workplace. *See* Petition, ¶¶ 40(a)-(c), 50(a)-(j). Such allegations clearly arise only from an employer's nondelegable duty to provide a safe work environment. *Peters*, 489 S.W.3d at 796. *Contrast Nolen v. Bess*, No. ED 101591, 2016 WL 6956755, *3 (Mo. Ct. App. Nov. 29, 2016) (allegations that co-employee defendant withheld safety equipment provided by the employer, contrary to employer's practices and despite plaintiff's specific request to use safety equipment, were sufficient to state a negligence claim against co-employee).

Plaintiffs' allegations lacked more than just magic words or precise language. The Petition utterly fails *substantively* to allege anything beyond a breach of the employers' nondelegable duty to provide a safe workplace. In other words, even if Mr. Blatchford affirmatively engaged in the conduct Plaintiffs allege, and even if Mr. Blatchford was aware of dangers associated with those actions, those actions still fall within the employer's nondelegable duty to provide a safe workplace and therefore do not support a claim of negligence against a co-employee. Even under the common law standard, the joinder of Mr. Blatchford is fraudulent and cannot defeat this Court's diversity jurisdiction.

### D.   The Cases Plaintiffs Rely Upon Are Distinguishable by Fact and Controlling Law.

Notably, Plaintiffs do not cite a single case applying Section 287.120 of the Workers' Compensation Act as amended in 2012, despite acknowledging that Section 287.120 governs their

10

claims against Mr. Blatchford. Nor do Plaintiffs cite a single case decided after the Missouri Supreme Court clarified the common law standard in *Peters v. Wady Industries*.

Moreover, Plaintiffs' Remand Motion relies almost entirely on cases that Judge Hays found to be inapplicable in *Ellingsworth*. Each of the cases upon which Plaintiffs rely is factually distinguishable from the instant action in that each includes allegations that the co-employee defendant knew of potentially dangerous conditions and engaged in affirmative conduct purposefully directed at the employee that created "additional danger beyond that normally faced in the job-specific work environment." *Burns*, 214 S.W.3d at 338.

For example, in *Groh v. Kohler*, the plaintiff was injured while operating a machine that was malfunctioning. 148 S.W.3d 11, 12 (Mo. Ct. App. 2004). Plaintiff told her supervisor that the machine was malfunctioning, but her supervisor told her to "just deal with it" and keep working. *Id.* The court found that the supervisor could be liable because he allegedly directed plaintiff to undertake an action he knew to be dangerous that was "beyond the usual requirements of the employment." *Id.* at 14. There are no such allegations against Mr. Blatchford. Indeed, other than a factually devoid statement that "Modine, Sundstrand and Blatchford knew or should have known" of dangers (Petition, ¶ 56), which the Court should disregard as being merely conclusory,[4] there is no allegation that Mr. Blatchford had any knowledge that his alleged actions would create a dangerous situation.

Plaintiffs' reliance on *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968 (8th Cir. 2011), is likewise misplaced. In *Knudson*, the court held that joinder was proper because the supervisor "may have effectively created the dangerous condition by ordering [the plaintiff] to work in an environment where [the supervisor] knew the employees he was supervising were having breaking

---

[4] *See infra*, note 3; *A.T.*, 2017 WL 57251, at *4.

11

problems." *Id*. at 981-82. No such foreknowledge of a specific dangerous situation has been alleged in this case.

The instant case is instead akin to the facts in *Peters*. In *Peters*, a supervising co-employee was allegedly warned of the potential dangers of transporting stacked materials, but the supervisor directed the injured employee to transport the stacked materials anyway. 489 S.W.3d at 799-800. The Missouri Supreme Court held that although the supervisor "was allegedly responsible for the unsafe manner in which the work was routinely performed," it was the employer's "nondelegable duty to provide a safe work environment." *Id.* As in *Peters*, the allegations in Plaintiffs' Petition are only that Mr. Seaton was "ordered and directed to conduct work an allegedly unsafe manner in the course of business," which distinguishes the instant action from cases where a violation of a separate and distinct duty – "something more" – was alleged. *Id*. at 800. Plaintiffs have failed to allege a colorable cause of action against Mr. Blatchford.

### E. Plaintiffs Have No Basis to Request Fees.

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Gauert v. Gerdau Ameristeel U.S. Inc.*, No. 4:16-CV-01091-DGK, 2017 WL 1609861, at *2 (W.D. Mo. May 1, 2017). In light of existing caselaw, including the recent decision in *Ellingsworth*, the basis for seeking removal of this action is well beyond objectively reasonable. Plaintiffs' request for fees is baseless and should be denied.

### III. CONCLUSION

Plaintiffs' claims against Mr. Blatchford have no reasonable basis in fact or law. The joinder of Mr. Blatchford is therefore fraudulent. Because Plaintiffs and Defendants Sundstrand and Modine, the only properly joined parties in this action, are citizens of different states, and the

amount in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff's Motion to Remand should be denied.

Dated: July 21, 2017

Respectfully submitted,

By: /s/ Patrick N. Fanning
　　Patrick N. Fanning　　MO #47615
　　Mark D. Anstoetter　　MO #47638
　　Bridget E. Halbur　　MO #68734
　　SHOOK HARDY & BACON L.L.P.
　　2555 Grand Blvd.
　　Kansas City, MO 64108
　　T: 816.474.6550/F: 816.421.5547
　　pfanning@shb.com
　　manstoetter@shb.com
　　bhalbur@shb.com

　　ATTORNEYS FOR DEFENDANT MODINE
　　MANUFACTURING COMPANY AND
　　JOHN BLATCHFORD

13

CERTIFICATE OF SERVICE

    Undersigned counsel hereby certifies that on this 21st day of July, 2017, counsel filed the above pleading with the Court via the CM/ECF system, which caused a copy to be served on all counsel of record.

    /s/ Patrick N. Fanning
ATTORNEYS FOR DEFENDANT MODINE
MANUFACTURING COMPANY AND JOHN
BLATCHFORD

4815-5948-8587, v. 5